UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TREVVAUN HUNTER

    Plaintiff,

    vs.

LT. JEREMY EACHES, *et al.*,

    Defendants.

Case No. 1:19-cv-123

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's pro se motion to amend the complaint (Doc. 11) and to merge or join this case with Case No. 1:19-cv-00204. (Doc. 19). Upon careful review, the undersigned finds that Plaintiff's motion is not well-taken.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc..,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421. However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593,

605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Here, Plaintiff's proposed amendments are not well-taken. Plaintiff's proposed amendments purportedly reiterate the claims contained in his original complaint and those in Case No. 1:19-cv-00204. Furthermore, the primary purpose of Plaintiff's motion to amend appears to be Plaintiff's request to merge his two cases. This request lacks merit. As noted by Defendants, the cases involve different defendants, allege separate facts to support Plaintiff's claims for relief and took place on different days. Plaintiff fails to meet any of the requirements in Fed. Civ. Rules 18-20 regarding joinder of claims and joinder of parties (both compulsory and permissive).

For these reasons, it is therefore **RECOMMENDED** that Plaintiff's motion for leave to amend and to merge (Doc. 11, 19) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TREVVAUN HUNTER

    Plaintiff,

    vs.

LT. JEREMY EACHES, *et al.,*

    Defendants.

Case No. 1:19-cv-123

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).