**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TREVVAUN HUNTER, | Case No. 1:19-cv-123 |
| Plaintiff, | |
| v. | Judge Matthew W. McFarland |
| LT. JEREMY EACHES, | Magistrate Judge Stephanie K. Bowman |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), has filed a *pro se* civil rights complaint pursuant to 42. U.S.C. § 1983. This civil action is now before the Court on a motion for judgment on the pleadings by Defendant Lt. Jeremy Eaches (Doc. 29) and the parties' responsive memoranda. (Docs. 35, 36). Upon careful review, Defendant's motion is well-taken.

**I. Background and Facts**

Plaintiff Trevvaun Hunter is an inmate currently at SOCF (#645-052) in the custody of the Ohio Department of Rehabilitations and Correction ("ODRC"). On February 15, 2019, Plaintiff filed a Complaint against Defendants Lt. Jeremy Eaches, Captain Whitman and L. Mahlman. (Doc. 1, PageID #4). The Court dismissed Defendants Capt. Whitman and L. Mahlman from the case on March 28, 2019 for Plaintiff's failure to state a claim against those parties upon which relief can be granted. (Doc. 7, PageID #32). Plaintiff's Eight Amendment excessive force claim against Defendant Eaches was permitted to proceed. (*Id.*).

Plaintiff alleges in his Complaint that on June 11, 2018, Defendant Eaches, along with two other SOCF employees not named as parties to the action, approached the Plaintiff in his cell, J2-75, in response to Plaintiff's refusal to move from that cell to a different cellblock, 4B ERH1. (Doc. 1, PageID# 5). Plaintiff alleges that his refusal was due to the fact that this move was unwarranted, given that he was a 4A inmate at the time. (*Id.*) Plaintiff also alleges that he refused to move due to concerns over his safety. (*Id.*) Plaintiff later elaborated that this concern was "because a 4A inmate is not suppose [sic.] to be around 4B ERH1 inmates which is DRC Policy." (Doc. 35, PageID #111).

Plaintiff alleges that when Defendant Eaches reached his cell, he was sprayed with OC (oleoresin capsicum, or pepper spray) twice and assaulted. (Doc. 1, PageID #5). Plaintiff's Complaint does not specifically state who sprayed him but, in his later response to Defendant's motion for judgment on the pleadings, Plaintiff indicates that Defendant Eaches was allegedly lying on him prior to spraying him with pepper spray, in order to make Plaintiff move. (Doc. 35, PageID #111). Plaintiff argues that he never should have been ordered to move, or had force used against him in order to make him move. (*Id.*)

Plaintiff asserts that he "suffer[s] so much due to this claim." (Doc. 1, PageID #5). In his prayer for relief, Plaintiff asserts that he has suffered mental harm, stress, and pain and suffering. (*Id.* at PageID #6). Plaintiff requests to be compensated for this suffering, and also requests that Defendant Eaches be removed from employment at ODRC prisons.

Defendant Eaches filed a motion for judgment on the pleadings on January 28, 2020. (Doc. 29). Plaintiff filed his response to the motion on April 28, 2020. (Doc. 35). Defendant Eaches replied on May 12, 2020. (Doc. 36).

## II. Standard of Review

The Sixth Circuit applies the same standard to Rule 12(c) motions for judgment on the pleadings as to motions to dismiss under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). A complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

*Pro se* plaintiffs are held to a lower standard of pleading. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Complaints from *pro se* plaintiffs should be dismissed only if it appears that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. Analysis

Defendant Eaches sets forth several defenses to Plaintiff's claim in his Motion for Judgment on the Pleadings. (Doc. 29). These defenses will be addressed in turn.

### A. *Plaintiff's suit is barred by the Eleventh Amendment*

The Eleventh Amendment bars suit against a state or one its agencies or departments in federal court, regardless of the nature of the relief sought, unless the state has expressly waived its immunity. *Pennhurst State Sch. v. Halderman,* 465 U.S. 89, 100 (1984). See also *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Thus, the State of Ohio is immune from suit unless it waives its sovereign immunity. *Mixon v. Ohio,* 193 F.3d 389, 396-97 (6th Cir. 1999). A plaintiff generally must "designate in which capacity he is suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper by Soper v. Hoben*,

195 F.3d 845, 853, 1999 U.S. App. LEXIS 29386, *19 (6th Cir.) (citing *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992) and *Wells v. Brown*, 891 F.2d 591, 592-94 (6th Cir. 1989)).

The State of Ohio has not waived its immunity in §1983 claims. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Plaintiff also did not identify in which capacity he is suing Defendant Eaches. To the extent that Plaintiff is suing Defendant Eaches in his official capacity, Plaintiff's claim is barred by the Eleventh Amendment.

  B. *Plaintiff fails to state the deprivation of a constitutional right under §1983.*

In order to survive a motion for judgment on the pleadings, a plaintiff's claim under §1983 must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The Eighth Amendment of the U.S. Constitution provides protection from cruel and unusual punishment. This includes the use of excessive force against prisoners, where the infliction of pain is unnecessary and wanton. *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986).

An Eighth Amendment excessive force claim has both a subjective and an objective component. *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014). The "core judicial inquiry" when determining whether a prison official has used excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 502 U.S. 1, 12-13 (1992). The "good faith use of physical force in pursuit of valid peneological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish*, 800 F.2d, at 604. In analyzing conduct for excessive force, the Court must consider the context of the prison

setting. *Id.* at 605. Courts may also evaluate "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 14 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

In his motion before the Court, Defendant Eaches provides citations to several 6th Circuit cases in which the use of pepper spray on inmates did not constitute excessive force in violation of the Eighth Amendment. (Doc. 29, PageID #95-96). While these cases discuss this issue in the context of summary judgment, this court has also previously addressed the issue in response to a motion for judgment on the pleadings, and has found that to state an Eighth Amendment Claim, a plaintiff must "at a minimum allege that [the d]efendant did not have a good faith basis for employing OC spray, and that the harm he suffered was objectively 'serious.'" *Young v. Taylor*, 2018 U.S. Dist. LEXIS 205864 at *11 (S.D. Ohio, Dec. 6, 2018) (R&R adopted at *Young v. Taylor*, 2019 U.S. Dist. LEXIS 53686 (S.D. Ohio, Mar. 29, 2019) (granting defendant's motion for judgment on the pleadings where plaintiff alleged defendant had sprayed him with pepper spray, but the "facts alleged confirm[ed]…that [the d]efendant deployed his OC spray in a good faith attempt to counteract a perceived threat").

The decision in *Young v.* Taylor is dispositive here. Plaintiff admits that Defendant Eaches used pepper spray "due to [Plaintiff's] refusing to move from [his] cell." (Doc. 1, PageID #5). Such a use of pepper spray by Defendant Eaches shows a good faith effort to restore discipline, and therefore does not constitute a violation of Plaintiff's Eighth

Amendment rights. Accordingly, Plaintiff fails to state a deprivation of a constitutional right under §1983.

C. *Plaintiff's claim for damages is barred by the PLRA*

The Prison Litigation Reform Act ("PLRA"), 42. U.S.C. §1997(e)(e), requires "a prior showing of physical injury" in order for a prisoner to bring a Federal civil action for "mental or emotional injury suffered while in custody." 42. U.S.C § 1997e(e). Physical injury is not defined in the PLRA, but courts have found that "while the requisite physical injury need not be significant, it must be more than de minimus." *Braswell v. Corr. Corp. of Am.*, 419 Fed. Appx. 622 (6th Cir. 2011). "De minimus injuries are those that need no more treatment 'after the initial evaluation.'" *Muhammad v. Salyers*, 2015 WL 1179895 at *6 (S.D. Ohio, Mar. 13 2015) (quoting *Richmond v. Settles*, 450 F. Appx. 448, 453 (6th Cir. 2011).

Plaintiff alleges that he was "assaulted [and] sprayed," and "suffer[s] so much due to this claim." (Doc. 1, PageID #5). He also alleges that he endured "pain and suffering" as a result. However, even in his reply to Defendant's motion for judgment on the pleadings, Plaintiff does not specifically allege *any* physical injury, much less one that has required ongoing treatment or observation. Defendant argues that Plaintiff's plea for relief is recovery for only the mental and emotional stress Plaintiff endured. This argument is well-taken. Plaintiff fails to show or allege a physical injury, so his claim for damages based on his emotional injury is barred by the PLRA.

D. *Qualified immunity*

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity is intended to balance the following competing interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Once raised by a defendant, the plaintiff "bears the ultimate burden of proof to show that [government officials] are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012) (quoting Garretson v. City of Madison Heights, 407 F.3d 789, 798 (6th Cir. 2005). The plaintiff must satisfy a two pronged analysis: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right, and (2) if a violation could be made out on a favorable view of the parties' submission, was the right clearly established at the time of the injury. *Saucier*, 533 U.S. at 201

As discussed above, Plaintiff's complaint fails to state a plausible claim for relief under the Eighth Amendment. Plaintiff also fails to address this defense in his reply to Defendant Eaches' motion for judgment on the pleadings. Accordingly, Defendant Eaches is entitled to qualified immunity.

### IV. Conclusion

It is therefore **RECOMMENDED** that Defendant Eaches' motion for judgment on the pleadings (Doc. 29) be **GRANTED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TREVVAUN HUNTER, | : |
| Plaintiff, | : Case No. 1:19-cv-123 |
| | : |
| v. | : Judge Matthew W. McFarland |
| | : |
| LT. JEREMY EACHES, | : Magistrate Judge Stephanie K. Bowman |
| | : |
| Defendants. | : |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).